Turcotte., P.J.
There was a finding after trial for all defendants on all counts.[2] The plaintiff claims to be aggrieved by the denial of six requests for rulings of law relative to Count VI. The plaintiff alleges there that he was injured in a college hockey game played according to a recognized set of rules, one of which is designed to protect players from serious injury, and that the defendant violated that rule in reckless disregard of the safety of the plaintiff. There was evidence tending to support these allegations.
The trial justice made no findings but he allowed requests for findings of fact as follows:
In 1980, the plaintiff, Robert J. Gauvin, was a student at Worcester State College, and a player on its varsity hockey team. The defendant, Richard Clark, was a student at Nichols College, and a player on its varsity hockey team. On January 30,1980, the Worcester State College varsity hockey team engaged in a regularly scheduled inter-collegiate hockey game with the Nichols College varsity hockey team, at the Horgan Arena, in Auburn. Both teams had been trained and were being coached by knowledgeable personnel. The game was played according to a recognized set of rules promulgated by the N.C.A.A., which governed the conduct of the competition. During the second period of *38 the game, a face-off occurred, between the plaintiff and the defendant, Richard Clark. The puck was hit toward the Nichols College goal. (There was evidence tending to show that the plaintiff was injured, at or about this time, but the Court made no special findings of fact as to the manner in which such injury occurred.) The rules did not require a player to wear protective equipment in the area of the abdomen where the plaintiff was struck, and the defendant, Richard Clark, was aware of the fact that such area of the plaintiffs body might not have been shielded by protective equipment. The N.C.A.A. rules, with which the defendant, Clark, was familiar, prohibited any player from butt-ending an opponent (Rule 6 - Section 7c) and from making any physical contact with his opponent’s body by means of his stick, during a face-off, except in the course of playing the puck after the face-off had been completed (Rule 6 - Section 11c). These rules were primarily designed to protect players from serious injury.
He was requested to find “that the defendant thrust the butt end of his hockey stick into the midsection of the plaintiff with extreme force — .” He did not allow the request but stated, “I do not find this as a fact.” A request to find that the defendant caused the butt end of his hockey stick to come into contact with the plaintiffs midsection, was “denied as phrased.”
The justice’s several rulings onrequests for fact finding when considered in their entirety indicate he did not find the defendant acted in reckless disregard or reckless lack of concern of the safety of the plaintiff. They indicate that he did not find the defendant engaged in conduct proscribed by a safety rule.
The requests for rulings of law not allowed by the judge all assume a fact inconsistent with the facts found by the justice. Requests 1 and 4 assume the defendant was engaged in conduct proscribed by a safety rule, and requests 2, 3,5 and 6 assume the defendant acted with reckless disregard or reckless lack of concern. A request which assumes a fact inconsistent with the facts found by the trial justice is properly denied since it is immaterial. “ — the Rule is that, even though a request states a correct abstract proposition of law and is applicable to hypothetical facts which might be found, the trial judge may, if he finds different facts, refuse to give the requested rulings on the grounds that it is inapplicable to the facts actually found.” J. NOLAN, CIVIL PRACTICE § 726 »/ (Mass. Practice V. 9, 1975).
The Report is therefore dismissed.
Although neither party argued the issue there is serious question whether filing of a draft report seven months after entry of judgment is an error so serious as to require dismissal. Cape Cod Bank and Trust Co. v. LeTendre 384 Mass. 481, 484(1981). Dist./Mun.Cts.R.C.P., Rule 64, provides that the draft report be filed ten days after judgment is entered, and only where there is good cause shown may the court extend the ten day period for a reasonable time. Here eight motions to extend time were allowed, the first on September 29, 1985, and the last on May 1, 1985.

 The plaintiffs’ amended complaint set out six counts. Ill, IV and V were applicable to the other defendants. Counts I, II and VI were applicable to defendant Clark, and the report is applicable only to Count VI.